Green, J.
delivered the opinion of the court.
This was an action to recover from the stakeholder. *292 money deposited in his hands, being the amount of a wa~ ger on a horse race.
The facts were these: The plaintiff and one Edward Breathitt each staked three hundred dollars in the hands of the defendant upon a horse race. In running the first heat the plaintiff’s mare proved successful; but Breathitt’s horse won the second heat. After the second heat was run the plaintiff claimed the money, alleging that the second heat was foully run by Breathitt’s rider. But the judges of the race pronounced that Breathitt’s horse had fairly won said heat. The plaintiff still contended that the race had not been fair, demanded the money, and forbid defendant to pay it to Breathitt. The plaintiff refused to run the third heat, and Breathitt’s horse was walked around the course alone.
Horse racing is made unlawful, and all securities and agreements to pay money or other thing won on any horse race, are declared void by the first section of the act of 1799, ch. 8; consequently, the agreement between the plaintiff and Breathitt, that the money deposited with the defendant should be paid to the winner of the race about to be run, was unlawful and void.
It is well settled, both in England and several of the States, that money deposited with a stakeholder on an illegal wager, may be recovered back, provided such stakeholder be notified not to pay it to the other party. The case of Cotton vs. Thurland, 5 Term Rep. 405, is in point. There, money was deposited with a stakeholder on the event of a fight. After the battle was fought the stakeholder was notified not to pay the money to the winner. The court of King’s Bench held that an action jay to recover back the money that had been deposited. In the case of Vischer vs. Yates, 11 John. Rep. 23, money was deposited in the hands of the defendant by the plaintiff and others, on the event of an election of governor of New York. Afte? it had been ascertained what yras the result of the election, the defendant was notified *293 not to pay over the money to the winner. The defendant refused to pay the money over to those who made the deposite. The supreme court held that the action to recover it would lie against the stakeholder, he not having paid the money to the winner before it was demanded of him. It was well observed by Chief Justice Kent in delivering the opinion of the court, that “the stakeholder ought not to be permitted to hold the money in defiance of both parties. There would be no equity in such a de-fence, and if the plaintiff cannot recover back the depo-site in this case, the winner cannot recover it; for that would be compelling the execution of an illegal contract as if it were legal, and would at once prostrate the law that declares such contracts illegal.”
It is true the decision in that case was reversed in the case of Yeats vs. Foot, (12 John. Rep.) by the court of errors of New York. But there are few lawyers who would consider the decision of a court like that, consisting of politicians fresh from the people, a majority of whom most probably belonged to the political party of the winner, as of any authority when opposed to the unanimous opinion of the supreme court,, composed of such men as Kent and Spencer.
But it is admitted in that case that if a party retract before the uncertain event has happened, he may recover back his deposite. In the case before the court, the event upon which the money was staked had not happened.— Each party had won a heat, and the contest was no more decided than it was before the race began. It matters not what was the motive of the plaintiff, it is enough to know that he refused to go on with the race, and forbid the defendant to pay over the money to Breathitt. Although it is not necessary in this case for the court to go so far as to adopt the principles of the case of Yischer vs. Yates, as decided by the Supreme Court of New York, yet as we believe the sound and true rule is laid down in that case, we choose to put our decision upon its principles. We *294 therefore hold, that where money has been deposited with a mere depository or stakeholder, the plaintiff may recover it at any time before it is paid over. For having received the money to the use of another, the stakeholder cannot in conscience retain it, and no one is entitled to it but the plaintiff. 2 Stark. 120-1. To allow the winner to recover it, would, as has already been said, be compelling the execution of an illegal contract as if it were legal, and would at once prostrate the law that declares such contracts illegal. Much has been said about the principles of honor, which it is thought stand in opposition to the plaintiff’s right. Such arguments can have no weight. We must decide the law, disregarding any fancied notions of honor which may stand in opposition to its settled rules. One of those rules is, that in an illegal transaction money may always be stopped while in transitu to the party entitled under such illegal transaction. Such is the situation of money in the hands of a stakeholder, and it is countermandable at anytime before the payment is made. Wood vs. Wood’s Ex’r. 3 Mur. Rep. 172.
But it is insisted, this action is barred, not having been brought in ninety days after the deposite was made. The act of 1799, ch. 8, sec. 4, has no application to this case. That section of the act gave to the loser of money, or other valuable thing, an action against the winner to recover it back after it had been paid over. Such action could not have been maintained before the passage of that law; and the limitation of ninety days is expressly confined by the act to the action which was then given. But the right of action against the stakeholder existed at common law, and is not affected by that act of assembly either the one way or the other. It relates in terms to the winner, to whom the money or thing may have been paid, and has no reference to the stakeholder with whom the bet has been deposited.
It is objected that the plaintiff demanded from the de *295 fendant the whole sum in his hands, and that not being; entitled to the whole, as winner of the race, he cannot recover the amount deposited by himself, on the ground of a disaffirmance of the bet.
The demand of the whole sum staked, included a demand for the amount deposited by the plaintiff; and if he was not entitled to receive the whole, he was not the less entitled to his own deposite because he demanded móre than he had a lawful right to. Moreover, after the decision was made against him by the judges of the race, he forbid the defendant to pay the money to Breathitt, and refused^to proceed with the race. The motive by which he was influenced is not material: it is enough that he put an end to the contract and countermanded his money; he is therefore entitled to recover. The costs were correctly taxed. Affirm the judgment.
Judgment affirmed,